**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

**SAMANTHA THOMASON,**
**An Individual**

**Plaintiff**

**Case No. 26-11938**
**Hon. Mark A. Goldsmith**

**v.**

**CITY OF DETROIT**
**a municipal corporation,**

**DEROND MARTEZ CRAWFORD,**
**City of Detroit Police Officer,**
**Individually, and in his Official Capacities,**

**MAURICE BELLAMY,**
**City of Detroit Police Officer,**
**Individually, and in his Official Capacities,**

**Defendants.**

---

**Law Offices of Ivan L. Land, PC**
**Ivan. L. Land (P65879)**
**Attorney for Plaintiff**
**25900 Greenfield Rd., Suite 210**
**Oak Park, MI 48237-1267**
**248.968.4545 *I* (f) 248.968.4540**
**ill41aw@aol.com**

**City of Detroit Law Department**
**Robyn J. Brooks (P47787)**
**Attorney for Defendant City**
**Detroit Only**
**2 Woodward Ave, Ste 500**
**Detroit, MI 48226**
**(313) 237-3049**
**broor@Detroitmi.gov**
**Keenanad@detroitmi.gov ( legal assistant)**

**DEFENDANT CITY OF DETROIT'S ANSWER TO PLAINTIFF'S COMPLAINT, RELIANCE ON JURY DEMAND, DEMAND FOR COMPULSORY JOINDER, NOTICE OF SPECIAL AND AFFIRMATIVE DEFENSES AND DEMAND FOR REPLY**

By and through counsel, who pursuant to Section 13-11-1 of the Detroit City Code, reserves the right to withdraw as counsel for the individually named defendant(s) in the event his/her request for representation is not approved by the Detroit City Council and for his/her Answer to the Complaint, Reliance on Jury Demand, Demand for Compulsory Joinder of Claims, Notice of Special and Affirmative Defenses, and Demand for Reply, states as follows:

**JURISDICTION AND VENUE**

1. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.
2. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.
3. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs

4. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

**PARTIES**

5. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.
6. Admit.
7. Admit only that Officer Crawford was employed as a DPD Police Officer.
8. Admit only that Officer Bellamy was employed as a DPD Police Officer.
9. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

**FACTUAL ALLEGATIONS**

10. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

11. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

12. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs

13. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs

14. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs

15. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs

16. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

17. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

18. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

19. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

20. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

21. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

22. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

23. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

24. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

25. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

26. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

27. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

28. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

29. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.
30. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.
31. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.
32. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.
33. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.
34. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

35. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

36. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

37. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

38. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

39. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

40. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

41. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

42. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

43. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

44. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

45. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

46. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

47. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

48. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

49. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

50. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

51. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

52. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

53. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

54. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

55. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

56. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

57. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

58. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

59. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

60. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

**COUNT I**
**42 U.S.C. § 1983 - UNLAWFUL SEARCH**
**(Defendant Crawford)**

61. DEFENDANT incorporates by reference the above paragraphs.

62. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

63. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

64. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

65. Paragraph 65 is a legal conclusion that does not require a response. Alternatively, having insufficient information or knowledge of the

allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

66. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

**COUNT II**
**42 U.S.C. § 1983 - UNLAWFUL SEIZURE**
**(All Defendants)**

67. DEFENDANT incorporates by reference the above paragraphs.

68. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

69. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

70. Paragraph 70 is a legal conclusion that does not require a response. Alternatively, having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

71. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs

**COUNT III**
**42 U.S.C. § 1983 - COERCED CONSENT**
**(Defendant Crawford)**

72. DEFENDANT incorporates by reference the above paragraphs.

73. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

74. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

75. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

76. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

77. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

**COUNT IV**
**42 U.S.C. § 1983 - INVASION OF PRIVACY**
**(Defendant Crawford)**

78. DEFENDANT incorporates by reference the above paragraphs.

79. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

80. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

81. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

82. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

83. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

**COUNT V**
**42 U.S.C. § 1983- SUBSTANTIVE DUE PROCESS**
**(All Defendants)**

84. DEFENDANT incorporates by reference the above paragraphs.

85. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

86. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

87. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

88. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

**COUNT VI**
**42 U.S.C. § 1983-FAILURE TO INTERVENE**
**(Defendant Bellamy)**

89. DEFENDANT incorporates by reference the above paragraphs.

90. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

91. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

92. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

93. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

**COUNT VII**
**42 U.S.C. § 1983 - SEXUAL EXPLOITATION UNDER COLOR OF LAW**
**(Defendant Crawford)**

94. DEFENDANT incorporates by reference the above paragraphs.

95. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

96. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

97. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

98. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

99. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

**COUNT VIII**
**42 U.S.C. § 1983-VIOLATION OF BODILY PRIVACY**
**(Defendant Crawford)**

100. DEFENDANT incorporates by reference the above paragraphs.

101. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

102. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

103. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

104. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

105. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (All Defendants)

106. DEFENDANT incorporates by reference the above paragraphs.

107. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

108. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

109. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

110. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

## COUNT X
## ASSAULT AND BATTERY
## (Defendant Crawford)

111. DEFENDANT incorporates by reference the above paragraphs.

112. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

113. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

114. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

**COUNT XI**
**DEFAMATION PER SE**
**(Defendant Crawford)**

115. DEFENDANT incorporates by reference the above paragraphs.

116. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

117. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

118. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

119. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

120. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

121. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

**COUNT XII**
**MONELL LIABILITY**
**(Defendant Detroit)**

122. DEFENDANT incorporates by reference the above paragraphs.

123. Denied as untrue.

124. Denied as untrue.

125. Denied as untrue.

126. Denied as untrue.

127. Denied as untrue.

128. Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein. Plaintiff is left to its proofs.

**WHEREFORE IT IS RESPECTFULLY** demanded that a judgment of no cause of action be entered herein as to each and every claim stated in Plaintiff's Complaint, or in the alternative, that Plaintiff's complaint be dismissed, with prejudice, and costs and attorney fees awarded to the Defendant.

Respectfully submitted,

/s/ *Robyn J. Brooks*
**ROBYN J. BROOKS (P47787)**
CITY OF DETROIT LAW DEPARTMENT
2 Woodward Ave., Suite 500
Detroit, Michigan 48226
(313) 237-3049.

DATED: August 17, 2026

**SPECIAL AND AFFIRMATIVE DEFENSES**

1. That the Defendant, CITY OF DETROIT, is governmentally immune from tort liability pursuant to MCLA 691.1401 et seq. for the following reasons;

(a) That the Defendant is a governmental agency;

(b) That the Defendant is entitled to immunity from tort liability when engaged in the exercise or discharge of a governmental function;

(c) That the allegation so contained in Plaintiff's Complaint involve activities which are governmental functions, for the reason that they are expressly or impliedly mandated or authorized by constitution, statute, ordinance or other law;

(d) That the allegations contained in Plaintiff's Complaint do not fall within any statutory or common law exception to Defendant's governmental immunity.

2. That the defendants are individually immune pursuant to MCL 691.1401 et seq. for the following reasons:

(a) They are employees of the City of Detroit and were working in the course of their employment and within the scope of their authority when this incident occurred or allegedly occurred;

(b) That the City of Detroit is, and was at the time of the incident herein, a governmental agency;

(c) That at the time of the incident herein complained of, the City of Detroit was engaged in the exercise or discharge of a governmental function;

(d) That the individual Defendant's conduct did not amount to gross negligence that is the proximate cause of the injury or damages alleged by Plaintiffs.

3. Plaintiff has failed to set forth a cause of action upon which relief can be granted.
4. Defendant asserts as an affirmative defense that Plaintiff has failed to mitigate damages.
5. That the statute of limitations may be a bar to Plaintiff's claim, or part of Plaintiff's claim, for damages.
6. AND FURTHER, this claim is barred for failure to exhaust statutory, administrative and other available remedies.
7. Plaintiff has failed to join every legal or equitable claim which arises out of the transaction or occurrence which is the subject matter of the instant action.
8. That any injury to Plaintiff was due to and caused by the negligence and/or omission of the Plaintiff to care for himself which carelessness and/or negligence and/or omissions were the proximate cause of the damage, if any, to the Plaintiff.
9. That any injury or damage suffered by Plaintiff was caused by Plaintiff's wrongful acts and wrongful conduct and/or the willful resistance to a peace

officer in the discharge, and/or attempt to discharge the duty of his office and not by reason or any unlawful acts or omission of these defendants.

10. The actions of the Defendants were in all respects were reasonable, proper and legal.

11. AND FURTHER, that if Plaintiff sustained any injury, damage, or loss, the same was solely and proximately occasioned by the carelessness, heedlessness and negligence of Plaintiff in failing to act in a reasonable, prudent manner, acting without due care and circumspection and in a manner dangerous to or likely to endanger Plaintiffs' own safety, and not because of any act or omission of or chargeable to the defendants herein.

12. That, pursuant to the public duty doctrine, Defendants did not owe any duty to Plaintiff.

13. That the individual defendant was, at all times mentioned in Plaintiff's complaint, duly qualified, appointed and an acting police officer of the City of Detroit and peace officers of the State of Michigan, and that at all times herein mentioned, said Defendant was engaged in the performance of his regularly assigned duties as a police officer.

14. That the individual defendants, at all times herein mentioned, acted in good faith and without malice and within the scope of their duties as police officers of the City of Detroit and peace officers of the State of Michigan.

15. That the Defendant enjoys qualified immunity as to all of or some of Plaintiff's claims.

16. The actions of the defendant were lawful and proper, and that just and probable cause existed for their actions.

17. The actions of the defendant in all respects were reasonable, proper and legal.

18. The acts complained of herein were undertaken by the defendant officers in the course of their duties as police officers, in good faith, and were discretionary in nature.

19. Plaintiff is not entitled to treble, exemplary or punitive damages where there is no allegation of malicious prosecution or where there is no genuine issue of material fact as to malice, good faith acts, probable cause, and where proceedings did not terminate in Plaintiff's favor.

21. Liability, if any, for plaintiff's state law claims is several, not joint, pursuant to MCL 600.2956.

22. Plaintiff's exemplary damages claim is duplicative of her other claims for relief.

23. Plaintiff's exemplary damage claim seeks to punish defendants for their conduct rather than compensate the plaintiff, in a manner prohibited by law.

24. Defendant's conduct was insufficient to justify an exemplary damage award.

25. Defendants did not use the legal process for any unlawful, extra-legal, or otherwise improper purpose.

26. Defendants did not abuse the properly issued legal process in this matter.

27. Defendants acted in good faith.

28. Defendants did not act with malice.

29. To the extent Plaintiff alleges Defendant acted in violation of 42 USC 1983, Plaintiff fails to state a claim upon which relief may be granted since 42 USC 1983 is an enabling statute which provides Plaintiff with no substantive rights.

30. That Plaintiff has plead causes of action in his Complaint which are not statutory exceptions to the Governmental Immunity Act, MCLA 691.1401 et seq., and Defendant will move for summary judgment on all or part of Plaintiff's claims.

31. And further, that the defendant is individually immune from the imposition of liability on Plaintiff's intentional tort claims pursuant to MCL 691-1401 et seq. for the following reasons:

a. The acts were undertaken during the course of employment and the employees were acting, or reasonably believed that they were acting, within the scope of their authority;

b. The acts were undertaken in good faith, or were not undertaken with malice, and;

c. The acts were discretionary, as opposed to ministerial.

32. That the individual defendants, at all times herein mentioned, acted in good faith and without malice and within the scope of their duties as police officers of the City of Detroit and peace officers of the State of Michigan.

33. The actions of the defendants were lawful and proper and that probable cause existed for the arrest of Plaintiff.

34. The actions of the defendants in all respects were reasonable, proper and legal.

35. The individually named defendants had reasonable cause to believe that an offense had been committed and that Plaintiff had committed the offense.

36. That exigent circumstances existed for the arrest and detention and seizure of Plaintiff.

37. To the extent it alleges a violation arising under the Constitution of the United States, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

38. That the City of Detroit is governmentally immune from the imposition of tort liability and is not vicariously liable for the alleged tortious acts of its employees.

39. To the extent it predicates City liability upon directly asserted state law tort theories of recovery, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

40. To the extent it predicates City liability upon vicariously asserted state law tort theories of recovery, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

41. To the extent it predicates City liability upon grossly negligent conduct, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

42. To the extent it alleges a violation arising under the Constitution of the State of Michigan, Plaintiff's Complaint fails to state a claim against Defendant City upon which relief may be granted.

43. To the extent it alleges a violation arising under the Constitution of the United States, Plaintiff's Complaint fails to state a claim against Defendant City upon which relief may be granted.

44. To the extent it alleges a violation of 42 USC 1983, Plaintiff's complaint fails to state a claim upon which relief may be granted.

45. To the extent the incident reflected in Plaintiff's Complaint did not occur on the identified date, and instead occurred at an earlier time, Plaintiff's claims are time barred.

46. Any injury suffered by Plaintiff was proximately caused by Plaintiff's own negligence and other wrongful conduct.

47. Plaintiff has failed to mitigate her damages.

48. Plaintiff has failed to join every legal or equitable claim arising from the incident central to this suit.

49. To the extent Plaintiff alleges Defendant acted in violation of 42 USC 1983, Plaintiff fails to state a claim upon which relief may be granted since 42 USC 1983 is an enabling statute which provides Plaintiff no substantive rights.

50. Plaintiff will not be able to establish that the Defendant was "deliberately indifferent" to plaintiff's constitutional rights or that Defendant maintained any type of practice, custom, policy, or procedure, that was the "moving force" behind any claimed violation of Plaintiff's federal constitutional rights.

51. Any state or federal tort claims alleging liability pursuant to the doctrine of "respondent superior liability" or "vicarious liability" is barred as a matter of law.

52. To the extent that the Court determines the absence of "state action", then Defendant cannot be held liable under any theory of federal tort law.

53. Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity, because the defendants' actions were objectively reasonable, legal and proper under the facts and circumstances presented. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Sova v City of Mt. Pleasant, 142 F.3d 898 (6th Cir. 1998).

54. To the extent that the Court or the Jury determines that plaintiff's federal constitutional rights were not violated then Defendant cannot be held liable under any theory of federal tort law.

55. Plaintiff's federal constitutional claims fail because plaintiffs cannot show that the defendants acted "knowingly" or "intentionally" to violate plaintiffs' constitutional rights. At all times, defendants acted in good faith, without malice and within the scope of their duties, thus barring plaintiffs' claims because liability under §1983 cannot be premised on negligent conduct. See, Daniel v Williams, 474 U.S. 327 (1986).

56. Exigent circumstances may have existed requiring Plaintiff's restraint and/or any physical contact with plaintiff.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant in the above captioned matter, by and through counsel, reserves the right to assert and file any affirmative and special defense which may become known by discovery proceedings in accordance with the rules and practices of this Court. Further, Defendant does not waive any deficiency or omission in any pleadings filed by any other party to this suit regardless of when filed.

## DEMAND FOR COMPULSORY JOINDER OF CLAIMS

Defendant demands Plaintiff join in this action all claims Plaintiff may have against any Defendant arising from the subject matter of this action and which do not require for adjudication the presence of third parties over whom the court cannot exercise jurisdiction.

## RELIANCE ON JURY DEMAND

Defendant hereby relies on Plaintiff's demand for trial by jury.

## PRAYER OF RELIEF

Predicated upon the matters presented above, Defendant respectfully demands judgment of no cause of action be entered herein, or in the alternative said cause be dismissed, with prejudice, and costs and attorney fees be awarded to Defendant.

Respectfully submitted,

/s/ *Robyn J. Brooks*
**ROBYN J. BROOKS (P47787)**
CITY OF DETROIT LAW DEPARTMENT
2 Woodward Ave., Suite 500
Detroit, Michigan 48226
(313) 237-3049.

DATED: August 17, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2026, Defendant City of Detroit's Answer to Plaintiff's Complaint, reliance on Jury Demand, Demand for Compulsory Joinder, Notice of Special and Affirmative Defenses and Demand for Reply and this Certificate of Service upon all attorneys of record by using the ECF system which will send notification of such filing to all attorneys of record.

*/s/Robyn J. Brooks*

Robyn J. Brooks
City of Detroit Law Department
Attorney for Defendants
2 Woodward, Suite 500
Detroit, MI 48226
(313) 237-3049
**broor@detroitmi.gov**

Dated: August 17, 2026