**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SAMANTHA THOMASON,
an individual,

Plaintiff,

Case No. 26-cv-11938
Hon. Mark A. Goldsmith

V

CITY OF DETROIT
a municipal corporation,

DEROND MARTEZ CRAWFORD,
City of Detroit Police Officer,
Individually, and in his Official
Capacities,

MAURICE BELLAMY,
City of Detroit Police Officer,
Individually, and in his Official
Capacities,

Defendants.

---

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OR, IN THE ALTERNATIVE, FOR A 60-DAY EXTENSION TO EFFECTUATE SERVICE**

NOW COMES Plaintiff, Samantha Thomason, through her attorneys and states the following for her Motion for Alternative Service or, in the Alternative, for a 60-Day Extension to Effectuate Service. Plaintiff's counsel communicated in writing with Attorney Robyn J. Brooks, counsel for Defendant City of Detroit,

explaining the nature of the requested relief and seeking concurrence. Three business days have lapsed without Attorney Brooks expressly agreeing to the relief requested. LOCAL RULE CERTIFICATION: I, Ivan L. Land, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point font (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

1. On June 10, 2026, Plaintiff filed the present action against the City of Detroit, Defendant Derond Martez Crawford, and Defendant Maurice Bellamy (ECF No. 1).

2. At all relevant times concerning this cause of action, Defendant Bellamy was a City of Detroit police officer.

3. Defendant Bellamy has not yet been served with the Summons and Complaint, and Plaintiff has made repeated efforts to serve him without resorting to service at his home.

4. On July 24, 2026, the City of Detroit Law Department was contacted regarding service upon Defendant Bellamy. The Law Department declined to

accept service on Defendant Bellamy's behalf and advised that Defendant Bellamy had to be contacted directly.

5. On July 28, 2026, the Detroit Police Department's Internal Affairs division was contacted in an effort to determine where Defendant Bellamy could be served. Internal Affairs declined to provide Defendant Bellamy's work location and directed Plaintiff back to the City of Detroit Law Department.

6. On August 17, 2026, Attorney Robyn J. Brooks appeared on behalf of Defendant City of Detroit and filed Defendant City's Answer (ECF No. 8).

7. On August 18, 2026, Plaintiff's counsel contacted Attorney Brooks in writing concerning the continuing inability to serve Defendant Bellamy and asked whether the City of Detroit Law Department would accept service on his behalf or otherwise facilitate service (See Exhibit 1).

8. Attorney Brooks responded that the Law Department could not accept service on Defendant Bellamy's behalf unless Defendant Bellamy first requested that the Law Department represent him.

9. Attorney Brooks subsequently assisted Plaintiff by providing Defendant Bellamy's assigned precinct and work shift so that Plaintiff could attempt personal service at his place of employment (See Exhibit 1).

10. On Friday, August 21, 2026, Plaintiff's process server went to Defendant Bellamy's assigned precinct during his scheduled shift and waited for

Defendant Bellamy to report to work. Defendant Bellamy did not report to the precinct, and the process server was told to return the following day.

11. On Saturday, August 22, 2026, Plaintiff's process server returned to the precinct to attempt service again. Defendant Bellamy again was not present.

12. During the August 22, 2026 attempt, a Detroit police officer contacted Defendant Bellamy by telephone and advised him that someone was at the precinct to serve papers upon him. Defendant Bellamy asked who was present and what the papers concerned. The process server advised that she was there to serve papers and did not know the subject matter of the papers. Defendant Bellamy refused to return to the precinct to meet with the process server.

13. Plaintiff has therefore undertaken repeated and increasingly specific efforts to serve Defendant Bellamy, including two in-person attempts at his assigned precinct during his identified work shift, but has been unable to complete personal service.

14. Plaintiff requests that Defendant Bellamy be served through the City of Detroit Law Department because this method is reasonably calculated to give Defendant Bellamy actual notice of these proceedings and an opportunity to respond, particularly where the Law Department is aware of the action and Defendant Bellamy has now been personally advised that service is being attempted.

15. Defendant Bellamy will not be prejudiced by this alternative method of service.

16. In the alternative, Plaintiff requests a 60-day extension to effectuate service upon Defendant Bellamy. Plaintiff has shown good cause for alternative service or an extension of the time for service through her repeated diligent efforts to complete service.

WHEREFORE, Plaintiff, Samantha Thomason, respectfully requests that this Honorable Court permit service of the Summons and Complaint upon Defendant Maurice Bellamy through the City of Detroit Law Department or, in the alternative, extend the time to effectuate service upon Defendant Bellamy by 60 days.

Dated: August 25, 2026

/s/Ivan L. Land
Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI 48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
Attorney for PLAINTIFF

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SAMANTHA THOMASON,
an individual,

Plaintiff,

Case No. 26-cv-11938
Hon. Mark A. Goldsmith

V

CITY OF DETROIT
a municipal corporation,

DEROND MARTEZ CRAWFORD,
City of Detroit Police Officer,
Individually, and in his Official
Capacities,

MAURICE BELLAMY,
City of Detroit Police Officer,
Individually, and in his Official
Capacities,

Defendants.

---

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OR, IN THE ALTERNATIVE, FOR A 60-DAY EXTENSION TO EFFECTUATE SERVICE

NOW COMES Plaintiff, Samantha Thomason, through her attorney, Ivan L. Land, and states the following in her Brief in Support of Plaintiff's Motion for Alternative Service or, in the alternative, for a 60-Day extension to effectuate service.

## INTRODUCTION

This motion requests a practical method to complete service upon Defendant Maurice Bellamy after repeated diligent efforts have failed. After the City of Detroit Law Department and Internal Affairs were contacted, Attorney Robyn J. Brooks appeared for the City and assisted Plaintiff by identifying Defendant Bellamy's assigned precinct and work shift. Plaintiff's process server then made two consecutive in-person attempts at that precinct on August 21, 2026 and August 22, 2026. During the second attempt, another officer contacted Defendant Bellamy by telephone and advised him that someone was present to serve papers upon him, yet service still could not be completed. Plaintiff therefore requests service through the City of Detroit Law Department or, in the alternative, an additional 60 days to effectuate service.

## ARGUMENT

Federal Rule of Civil Procedure 4(e)(1) permits service upon an individual by following state law for serving a summons in the state where the district court is located or where service is made.

The Michigan Court Rules permit alternative service where process cannot reasonably be made as provided by the rules. MCR 2.105(J)(1). Under Michigan law, the court may permit service in another manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard. *Macomb Interceptor Drain Drainage District v. Kilpatrick*, 2011 WL 5599388, at *1 (E.D. Mich. Nov. 16, 2011) (citing *Dehan v. Tsarnas*, 2010 WL 289967, at *4 (Mich. Ct. App. June 15, 2010) (per curiam)).

Plaintiff has shown that ordinary service of process cannot reasonably be made despite diligent efforts. The City of Detroit Law Department initially declined to accept service, and Internal Affairs declined to provide Defendant Bellamy's work location.

After Attorney Robyn J. Brooks appeared for the City of Detroit, Plaintiff's counsel again sought assistance. Attorney Brooks advised that the Law Department could not accept service unless Defendant Bellamy first requested representation, but she provided Defendant Bellamy's assigned precinct and work shift. Armed with that information, Plaintiff's process server went to the precinct on August 21, 2026 and again on August 22, 2026. Defendant Bellamy was not present on either occasion. During the second attempt, another officer contacted Defendant Bellamy by telephone and advised him that someone was at the precinct to serve papers upon him. These circumstances demonstrate both Plaintiff's diligence and that service

through the City of Detroit Law Department is reasonably calculated to provide Defendant Bellamy with actual notice and an opportunity to be heard.

In the alternative, Federal Rule of Civil Procedure 4(m) permits the Court to extend the time for service. Good cause exists because Plaintiff has pursued multiple avenues to identify a workable service location, communicated with the City of Detroit Law Department and Internal Affairs, obtained Defendant Bellamy's precinct and shift, and sent a process server to the precinct on two consecutive days without success. Plaintiff therefore requests an additional 60 days to effectuate service if the Court does not authorize alternative service through the City of Detroit Law Department.

## CONCLUSION

Plaintiff, Samantha Thomason, respectfully requests that this Honorable Court permit service upon Defendant Maurice Bellamy through the City of Detroit Law Department or, in the alternative, extend the time to effectuate service upon Defendant Bellamy by 60 days.

Dated: August 25, 2026

/s/Ivan L. Land
Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI 48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
Attorney for PLAINTIFF

## CERTIFICATE OF SERVICE

I, Ivan L. Land, hereby certify that on August 25, 2026, I electronically filed the foregoing Document through the e-filing system to serve all parties.

/s/Ivan L. Land
Ivan L. Land