**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SAMANTHA THOMASON,
an individual,
Plaintiff,

Case No. 2:26-cv-11938-MAG-APP
Hon. Mark A. Goldsmith

V

CITY OF DETROIT
a municipal corporation,

DEROND MARTEZ CRAWFORD,
City of Detroit Police Officer,
Individually, and in his Official
Capacities, and

MAURICE BELLAMY,
City of Detroit Police Officer,
Individually, and in his Official
Capacities.

Defendants.

**JOINT RULE 26(F) DISCOVERY PLAN**

**JOINT RULE 26(F) DISCOVERY PLAN**

NOW COME the parties, by and through their respective counsel, and in accordance with the Court's Order and Fed. R. Civ. P. 26(f)(3), submit the following Joint Discovery Plan:

Appearing for the parties as counsel will be:

Plaintiff's Counsel: Ivan L. Land Sr. (P65879)

Defense Counsel: ***Robyn J. Brooks (P47787) on behalf of the City of Detroit and Officer Maurice Bellamy.***

Kali Henderson (P76479) for Defendant Crawford

**Related Cases:** There are no related cases in this matter.

**SUBJECT MATTER JURISDICTION:** Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 because Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for alleged violations of rights secured by the United States Constitution. The Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367.

**VENUE:** Venue is proper under 28 U.S.C. § 1391 because the events giving rise to this action occurred within Wayne County, Michigan, in the Eastern District of Michigan.

**PLAINTIFF'S FACTUAL SUMMARY**

On or about March 3, 2026, Plaintiff Samantha Thomason left Greektown Casino with her boyfriend, Lorenzo Holloman, and Matthew Bridges and stopped at a Sunoco gas station at 17230 Harper Avenue in Detroit. While inside, Plaintiff accidentally bumped into two individuals later identified as Detroit Police Officers Derond Martez Crawford and Maurice Bellamy and immediately apologized. After Plaintiff left the gas station and drove toward her nearby residence, Defendants

Crawford and Bellamy followed her vehicle and initiated a traffic stop near Morang and Harper Avenue, purportedly concerning expired tags.

During the stop, Plaintiff produced documentation showing ownership of the vehicle. Defendant Crawford thereafter informed Plaintiff that she was being detained because of an alleged probation-violation warrant from Canton, Michigan. Plaintiff was searched, handcuffed, and placed in the patrol vehicle. Plaintiff alleges that Defendant Crawford conducted intrusive searches despite her request for a female officer and that Defendants denied her access to an asthma inhaler after she reported breathing concerns.

Before exiting her vehicle, Plaintiff had placed her cellular phone and bank card on the driver's seat. While Plaintiff remained handcuffed and detained, Defendant Crawford came into possession of the phone and represented that he needed Plaintiff's password only to retrieve her mother's telephone number. Plaintiff provided the password while in custody. Plaintiff alleges that Defendant Crawford then navigated through the phone, retained possession after obtaining the requested contact information, and that Defendant Bellamy knew of and later physically possessed the phone during portions of the detention and jail-processing procedure. Plaintiff was transported to the Detroit Detention Center and was ultimately transferred to Canton authorities. After later regaining access to her phone, Plaintiff alleges that she discovered sexually explicit videos depicting Plaintiff and her

boyfriend had been transmitted from the device to an unknown number during the period when Defendants possessed and controlled the phone. Plaintiff also alleges that additional sexually explicit videos and nude photographs appeared in the recently deleted portion of the device.

Plaintiff reported the alleged misconduct to law enforcement. She alleges that Defendant Crawford thereafter appeared at her residence in a Detroit Police vehicle claiming to have an arrest warrant but left without producing one when asked. Plaintiff further alleges that investigators later informed her Crawford had been arrested in connection with misconduct involving her cellphone and private material, and that Crawford falsely claimed he and Plaintiff had been involved in a romantic relationship for approximately seven months. Plaintiff denies ever having any romantic, sexual, personal, social, or familial relationship with Crawford.

Plaintiff alleges that the conduct of Defendants violated her constitutional and state-law rights and that the City of Detroit maintained customs, policies, practices, and failures of training, supervision, investigation, or discipline that were moving forces behind the alleged violations. Plaintiff seeks compensatory damages, punitive damages where available, attorney fees, costs, interest, and other appropriate relief.

**DEFENDANT'S FACTUAL SUMMARY: *(Defendant City of Detroit and Officer Maurice Bellamy)***

***On March 3, 2026, at approximately 2215 a red Ford Escape with MI plate EWK1057 was driving east bound on Harper/Guliford. It was observed by***

*the officers that the vehicle's tags were expired. Per L.E.I.N. check the vehicle did not have valid insurance and tags were expired. The officers conducted a traffic stop on the vehicle at Chester/Neff by turning on their scout vehicle lights and sirens. Upon further investigation the driver, Plaintiff Samantha Thomason, had a valid probation violation out of Canton Twp., for fraud. The warrant was confirmed and valid. Canton expressed that they would be in route to pick up the Plaintiff from the Detroit Detention Center. The Plaintiff was placed under arrest without force being used and taken to the Detroit Detention Center without incident. Defendant Bellamy had minimal contact with the Plaintiff, or any property Plaintiff alleges was in her possession pursuant to her complaint.*

*As to Defendant City of Detroit, Plaintiff cannot establish that Defendant City of Detroit has adopted any policies, practices or procedures which would violate the U.S. Constitution and give rise to the imposition of liability pursuant to 42 USC §1983. As to the individual officer, Maurice Bellamy, the officer acted properly and in good faith and probable cause existed to arrest Plaintiff. Defendant further claims that the individual officer is shielded by governmental, common law, good faith and qualified immunity. Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's damages, if any, were caused*

***by her own actions or wrongdoing and Plaintiff's claims are barred, in whole or in part, by governmental immunity and/or qualified immunity.***

Per Defendant Crawford: Defendant Crawford was a Detroit Police Officer. As a result of this incident, he is no longer employed by the City. He entered into a plea agreement regarding misconduct in office for familial reasons. Defense counsel can say little more at this time until a transcript of the plea hearing is obtained so as to not effect any criminal proceedings.

**LEGAL ISSUES:**

**42 U.S.C. § 1983 – Unlawful Search (Defendant Crawford):** Whether Defendant Crawford unlawfully searched Plaintiff's cellular phone without a warrant or valid consent and exceeded any limited permission allegedly given to obtain contact information.

**42 U.S.C. § 1983 – Unlawful Seizure (All Defendants):** Whether Defendants unlawfully seized and retained Plaintiff's cellular phone and electronic property during the detention, transport, and jail process.

**42 U.S.C. § 1983 – Coerced Consent (Defendant Crawford):** Whether any consent to access Plaintiff's phone was involuntary, coerced, or exceeded in scope while Plaintiff was handcuffed and detained.

**42 U.S.C. § 1983 – Invasion of Privacy (Defendant Crawford):** Whether Defendant Crawford's alleged access to and use of Plaintiff's intimate electronic material violated a constitutionally protected privacy interest.

**42 U.S.C. § 1983 – Substantive Due Process (Defendants Crawford and Bellamy):** Whether Defendants' alleged conduct constituted an abuse of governmental authority that violated substantive due process.

**42 U.S.C. § 1983 – Failure to Intervene (Defendant Bellamy):** Whether Defendant Bellamy knew of alleged constitutional violations, had a realistic opportunity to prevent them, and failed to take reasonable steps to do so.

**42 U.S.C. § 1983 – Sexual Exploitation Under Color of Law (Defendant Crawford):** Whether Defendant Crawford used police authority or custodial access to obtain, view, transmit, delete, or exploit Plaintiff's sexually explicit material for a non-law-enforcement purpose.

**42 U.S.C. § 1983 – Violation of Bodily Privacy (Defendant Crawford):** Whether the alleged access to intimate material and alleged intrusive physical searches violated Plaintiff's constitutional privacy rights.

**Intentional Infliction of Emotional Distress (All Defendants):** Whether Defendants engaged in extreme and outrageous conduct intentionally or recklessly causing severe emotional distress.

**Assault and Battery (Defendant Crawford):** Whether Defendant Crawford intentionally caused harmful or offensive physical contact with Plaintiff without lawful justification or consent.

**Defamation Per Se (Defendant Crawford):** Whether Defendant Crawford made false statements to third parties concerning an alleged romantic or sexual relationship with Plaintiff and whether those statements are actionable under Michigan law.

**Monell Liability (City of Detroit):** Whether a City policy, custom, practice, failure to train, failure to supervise, failure to investigate, or failure to discipline caused the alleged constitutional injuries.

**Intrusion Upon Seclusion (Defendant Crawford):** Whether Defendant Crawford intentionally intruded into Plaintiff's private affairs by accessing and manipulating private and intimate information in her phone.

**Public Disclosure of Private Facts (Defendant Crawford):** Whether private intimate material was disclosed or transmitted and whether any such disclosure is actionable under Michigan law.

**Conversion (Defendant Crawford):** Whether Defendant Crawford exercised unauthorized dominion or control over Plaintiff's cellular phone or electronically stored property.

**Civil Conspiracy (Defendants Crawford and Bellamy):** Whether discovery establishes an agreement or concerted action to unlawfully access, obtain, transmit, delete, conceal, or otherwise misuse Plaintiff's private electronic material.

<u>**Defenses**</u>**:** ***(Defendants City of Detroit and Officer Maurice Bellamy):***

***As stated above as it pertains to Defendant City of Detroit, Plaintiff cannot establish that Defendant City of Detroit has adopted any policies, practices or procedures which would violate the U.S. Constitution and give rise to the imposition of liability pursuant to 42 USC §1983. As to the individual officer, Maurice Bellamy, the officer acted properly and in good faith and probable cause existed to arrest Plaintiff. Defendant further claims that the individual officer is shielded by governmental, common law, good faith and qualified immunity. Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's damages, if any, were caused by her own actions or wrongdoing and Plaintiff's claims are barred, in whole or in part, by governmental immunity and/or qualified immunity.***

Defendant does not understand this section to be necessary. Per the Court's Protocol, only a brief summary of the case is required.

**CONTEMPLATED AMENDMENTS:** Plaintiff filed a First Amended Complaint on August 31, 2026 and does anticipate further amendments. Defendants' presently do not contemplate any amendments.

**PROPOSED DISCOVERY PLAN AND ANTICIPATED DISPUTES:**

Plaintiff proposes a discovery period sufficient to address fact discovery, electronic discovery, forensic cellphone issues, police practices, individual-officer discovery, and Monell discovery.

**<u>Defendants' position regarding the discovery period and anticipated disputes</u>**:

***Defendant City of Detroit and Officer Maurice Bellamy state that there are no outstanding or anticipated discovery disputes currently. The parties do not believe that any changes must be made regarding the limitations imposed on discovery by the Federal Rules of Civil Procedure. At present, there are no issues regarding claims of privilege or protection of trial-preparation materials. The Defendant's anticipate submitting a Proposed Stipulated Protective Order regarding the discovery of confidential information for the Court's approval and will abide by the Court's requirements concerning protective orders. Pursuant to FRE 502(d) and (e), the parties agree to protection of privileged and otherwise protected documents against claims of waiver and intend to include appropriate provisions concerning such protection in a protective order.***

| Event/Deadline | PL Proposed Date |
|---|---|
| Fed. R. Civ. P. 26(a)(1) Initial Disclosures | October 28, 2026 |
| Amendment of Pleadings | November 30, 2026 |
| Lay Witness List | May 19, 2027 |
| Exhibit List | May 19, 2027 |
| Fact Discovery Cutoff | June 30, 2027 |
| Expert Witness Disclosures/Report by Plaintiff | August 11, 2027 |

| | |
|---|---|
| Expert Witness Disclosures/Report by Defendant | September 8, 2027 |
| Expert Discovery Cutoff | September 22, 2027 |
| Early Settlement Conference / Referral to Magistrate Judge | TBD |
| Dispositive Motions & Motions to Limit/Exclude Expert Testimony | TBD |

**JOINT DISCOVERY SUMMARY:** The discovery process should satisfy the proportionality requirements of Fed. R. Civ. P. 26(b)(1). Discovery is expected to focus on the traffic stop and detention, possession and use of Plaintiff's cellular phone, forensic and electronically stored information, the subsequent investigation, relevant Detroit Police Department policies and training, individual officer conduct, damages, and the basis for Plaintiff's Monell allegations. The parties will endeavor to narrow custodians, search terms, date ranges, and forensic requests through good-faith meet-and-confer efforts.

The Parties agree to the presumptive limits for interrogatories under Fed. R. Civ. P. 33, subject to any later agreement or Court order.

The Parties anticipate that the presumptive federal limit of 10 depositions per side under Fed. R. Civ. P. 30 will be sufficient, subject to the right to seek additional depositions upon a showing of need.

The Parties anticipate that the duration limits set forth in Fed. R. Civ. P. 30(d) will generally be sufficient. The Parties reserve the right to seek relief from the

presumptive limits where necessary and agree to confer in good faith before seeking Court intervention.

The Parties do not presently request changes to the timing, form, or requirements of disclosures under Rule 26(a)(1), except as otherwise ordered by the Court.

The Parties agree to exchange privilege logs where appropriate. The parties anticipate that a protective order may be necessary because discovery may involve Plaintiff's medical information, intimate and sexually explicit material, forensic cellphone data, law-enforcement records, internal-affairs materials, personnel information, and other confidential information. Counsel will work in good faith to agree upon appropriate protections consistent with the Federal Rules of Civil Procedure and E.D. Mich. LR 5.3.

**<u>PLAINTIFF'S SUMMARY OF DISCOVERY:</u>**

Plaintiff seeks discovery concerning, among other things:

- All body-worn camera, in-car camera, dash-camera, jail, booking, intake, hallway, and other audio/video footage concerning the stop, detention, transport, DDC processing, and transfer of Plaintiff.

- CAD records, dispatch audio, LEIN/NCIC or other warrant-query records, traffic-stop records, tickets, reports, logs, notes, and communications concerning the stated basis for the stop and Plaintiff's detention.
- Records identifying any alleged warrant, probation violation, hold, or request from Canton authorities concerning Plaintiff and communications between Detroit and Canton personnel.
- Forensic images, extraction reports, audit logs, metadata, transmission logs, cloud records, carrier records, device records, and other ESI bearing on access to, possession of, transmission from, deletion from, or manipulation of Plaintiff's cellular phone.
- Records sufficient to identify the telephone number or destination to which Plaintiff alleges intimate videos were transmitted and the devices, accounts, or persons associated with any such destination.
- All internal-affairs, criminal-investigation, disciplinary, administrative, or supervisory records concerning the alleged misconduct involving Plaintiff, including statements, interviews, reports, evidence logs, forensic reports, and findings, subject to appropriate protective-order procedures.
- Communications among Defendants and other DPD personnel relating to Plaintiff, the traffic stop, the detention, Plaintiff's phone, the later investigation, and any alleged attempt to locate Plaintiff after she reported the incident.

- Detroit Police Department policies, directives, training, and supervisory materials concerning detainee property, cellphone access and searches, consent searches, electronic devices, bodily privacy, searches of female detainees, duty to intervene, handling of intimate images, evidence preservation, and officer misconduct.
- Personnel, complaint, discipline, training, and prior-incident materials relevant to Plaintiff's claims against the individual officers and Plaintiff's Monell theories, subject to proportionality and appropriate confidentiality protections.
- Documents and testimony concerning the City's policies, customs, practices, training, supervision, investigation, discipline, and notice relating to officer access to detainees' electronic devices and private material.
- Damages discovery, including medical, counseling, employment, reputational, and other records reasonably related to the damages claimed.

Plaintiff anticipates deposing:

- Defendants Derond Martez Crawford and Maurice Bellamy.
- Relevant City of Detroit and Detroit Police Department supervisors, Internal Affairs personnel, investigators, and Rule 30(b)(6) designees.
- Personnel involved in the stop, detention, DDC processing, property handling, transfer, and investigation.

- Relevant Canton personnel concerning the alleged warrant or probation hold and Plaintiff's transfer.
- Forensic examiners or other persons who analyzed Plaintiff's cellular phone or related electronic evidence.
- Fact witnesses identified in the pleadings or discovery, including Lorenzo Holloman and Matthew Bridges, as appropriate.
- Expert witnesses, if retained, concerning police practices, digital forensics, damages, or other subjects properly requiring expert testimony.

**DEFENDANT'S SUMMARY OF DISCOVERY:**

***Defendant City of Detroit and Officer Maurice Bellamy anticipate deposing*:**

1. ***Plaintiff***
2. ***Plaintiff's Family, Neighbors, Co-workers or Friends as discovery evolves***
3. ***Fact Witnesses as discovery evolves***
4. ***Lay Witnesses as discovery evolves***
5. ***Expert Witnesses as discovery evolves***
6. ***Canton Officials as discovery evolves***
7. ***Plaintiff's Medical Doctors as discovery evolves***

***Defendant City of Detroit and Officer Maurice Bellamy will request general discovery to ascertain and evaluate/refute the claims of Plaintiff as presented.***

***The request will require medicals, cellular records, criminal records, personnel records and tax records and photographs to name a few.***

Defendant Crawford does not believe the Court has requested a topic-by-topic summary of discovery. At this time, Defendant Crawford foresees a discovery dispute arising as to the contents of his personnel file, and litigation of the *Monell* issue, to the extent it survives, at the same time as the allegations against him because the City's policies, practices, and his history should not prejudice him in this action. Defendant Crawford intends to seek discovery on the true facts of what occurred, and Plaintiff's damages.

**ELECTRONIC DISCOVERY:**

The parties anticipate that ESI will be significant in this matter because the allegations concern access to and use of a cellular phone, digital transmissions, deleted material, electronic police records, and related communications. The parties will meet and confer concerning preservation, custodians, date ranges, search terms, production format, metadata, forensic protocols, and protection of private or intimate material.

**Defendants' additional ESI position**:

***Defendant City of Detroit and Officer Maurice Bellamy are not aware of any issues with electronically stored information as of this writing.***

It is anticipated that each side will preserve electronically stored information that may be relevant to the claims and defenses. Requests for ESI and responses should be reasonably targeted, clear, proportional, and as explicit as practicable. The parties will cooperate to identify reasonable search parameters and cost-effective production methods.

Electronic discovery materials should ordinarily be produced in a reasonably usable form. Where native production or metadata is necessary to evaluate authenticity, transmission, deletion, modification, or creation information, the parties will meet and confer regarding an appropriate production protocol.

**FACILITATION / ARBITRATION / CASE EVALUATION:**

Plaintiff is willing to participate in non-binding facilitation or a settlement conference at an appropriate stage of discovery. Plaintiff does not presently propose binding arbitration.

**Defendants' position**:

***Defendant City of Detroit and Officer Maurice Bellamy's position with respect to the preferred method includes, but are not limited to, mediation, arbitration, facilitative mediation (E.D. Mich. LR 16.4), settlement conferences (E.D. Mich. LR 16.6), and other procedures (E.D. Mich. LR 16.7). Defendants will***

***make every effort to reach a fair, legal and equitable resolution to this matter if required.***

Defendant Crawford would object to arbitration or a case evaluation process. Defendant Crawford is open to facilitation through a private facilitator.

**ANTICIPATED MOTION PRACTICE:**

Plaintiff anticipates that motion practice may include discovery motions if disputes cannot be resolved through good-faith conferences, motions concerning confidentiality or sealing of sensitive material, motions to compel or for protective order as necessary, dispositive motions under Fed. R. Civ. P. 56, and motions concerning expert testimony.

<u>**Defendants' anticipated motion practice**</u>:

***Defendant City of Detroit and Officer Maurice Bellamy at this point have contemplated filing a dispositive motion.***

Defendant Crawford anticipates filing a motion for summary judgment, and possibly a motion for judgment on the pleadings as some claims are not legally cognizable.

**SETTLEMENT:**

Plaintiff is not opposed to participating in non-binding mediation, facilitation, or a settlement conference.

<u>**Defendants' position**</u>:

***City of Detroit and Officer Maurice Bellamy are awaiting more discovery. At this time no settlement offer can be made.***

Defendant Crawford's position is the same as Plaintiff's.

**CONSENT TO MAGISTRATE JUDGE:**

Neither Plaintiff or Defendant Crawford consent at this time to have a United States Magistrate Judge conduct all further proceedings, including trial and entry of final judgment.

**Defendants' position**:

***Defendant City of Detroit and Officer Maurice Bellamy concur***.

**TRIAL:**

Plaintiff has demanded a jury trial. Plaintiff estimates that trial will require approximately 7 days.

Defendant Crawford estimates a jury trial presentation of 2-3 days.

**Defendants' estimate**:

***As to Defendant City of Detroit and Maurice Bellamy it is estimated that trial would require 4-5 days.***

Respectfully Submitted,

Dated: September 23, 2026

/s/ Ivan L. Land Sr.
Ivan L. Land Sr. (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI 48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
Attorney for Plaintiff

Robyn J. Brooks (P47787)
City of Detroit Law Department
Attorney for City of Detroit and Officer
Maurice Bellamy
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3049/ (313) 224-5505 (f)
broor@detroitmi.gov

**SEWARD HENDERSON PLLC**

/s/ Kali M. L. Henderson (P76479)
*Attorneys for Defendant Crawford, only*
210 E. 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
E: khenderson@sewardhenderson.com Dated: September 23, 2026