**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SAMANTHA THOMASON,
an individual,

Plaintiff,

v.

CITY OF DETROIT, a municipal corporation,
DEROND MARTEZ CRAWFORD, City of Detroit Police Officer, Individually,
MAURICE BELLAMY, City of Detroit Police Officer, Individually,

Defendants.

Case No. 2:26-cv-11938
Hon. Mark A. Goldsmith
Mag. Judge Anthony P. Patti

**PLAINTIFF'S RESPONSE TO DEFENDANT DEROND MARTEZ CRAWFORD'S AFFIRMATIVE DEFENSES**

LOCAL RULE CERTIFICATION: I, Ivan L. Land certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

NOW COMES PLAINTIFF, SAMANTHA THOMASON, by and through counsel, and responds separately to the affirmative defenses asserted by DEFENDANT DEROND MARTEZ CRAWFORD. PLAINTIFF incorporates the

allegations of the First Amended Complaint to the extent consistent with this response and states as follows.

## I. PRELIMINARY RESPONSE

CRAWFORD's defenses repeatedly attempt to collapse the case into the lawfulness of the initial stop or detention. The First Amended Complaint alleges a materially different course of conduct. PLAINTIFF alleges that while handcuffed and under custodial control she gave CRAWFORD her phone password only after he represented that he needed to retrieve her mother's telephone number; that CRAWFORD retained the unlocked phone after obtaining that number; that he accessed private material unrelated to any law-enforcement purpose; and that sexually explicit material was transmitted and other intimate material was deleted while the phone remained under police control. PLAINTIFF further alleges that CRAWFORD later fabricated a months-long romantic relationship during the investigation. A lawful stop, arrest, or temporary physical seizure of a phone would not itself authorize the alleged digital search, exploitation, transmission, deletion, or fabrication.

These responses are intended to identify the factual and legal basis on which PLAINTIFF disputes the asserted defenses. Nothing herein shifts PLAINTIFF's burden on her claims or relieves DEFENDANTS of the burden to prove any true affirmative defense. To the extent a paragraph merely denies an element of

PLAINTIFF's prima facie case rather than asserting an affirmative defense, PLAINTIFF treats it as a merits contention and responds accordingly.

## II. RESPONSES TO AFFIRMATIVE DEFENSES

1. Denied. The First Amended Complaint states multiple claims upon which relief may be granted and pleads the operative facts supporting each claim. Among other things, PLAINTIFF alleges that CRAWFORD obtained the password to her cellular phone while she was handcuffed and detained after representing that he needed only her mother's telephone number, retained the unlocked device after that limited purpose ended, accessed private portions of the phone, and exercised control over intimate material. Those allegations state concrete constitutional and state law claims and are not defeated by a generalized Rule 12 formulation.

2. Denied. Qualified immunity does not protect conduct that violates clearly established constitutional rights. The Supreme Court held well before the events alleged here that officers generally may not search the digital contents of a cellular phone without a warrant merely because the phone was encountered during an arrest. Riley v. California, 573 U.S. 373 (2014). PLAINTIFF further alleges intentional access to intimate material for a non-law-enforcement purpose after any limited permission had expired. At minimum, the scope of CRAWFORD's conduct, the purported basis for

access, and the reasonableness of his actions present fact questions that cannot be resolved by a blanket assertion of immunity.

3. Denied. The state law intentional tort immunity defense turns on facts that are sharply disputed, including whether CRAWFORD acted in good faith, without malice, and within the scope of authority he reasonably believed he possessed. See Odom v. Wayne County, 482 Mich. 459 (2008). PLAINTIFF alleges that CRAWFORD used custodial authority to obtain access to an unlocked phone for a represented limited purpose and then used that access for private, personal, and sexually exploitative purposes. Conduct undertaken for such a purpose cannot be deemed good faith or within legitimate police authority merely because the opportunity arose during a detention.

4. Denied as inapplicable and unsupported. PLAINTIFF's claims against CRAWFORD are principally intentional constitutional and intentional tort claims, not a stand-alone negligence or gross-negligence theory. To the extent this defense is directed to any negligence theory, CRAWFORD bears the burden of establishing the statutory elements of governmental immunity, and the defense does not bar the pleaded federal claims.

5. Denied. Count V is not limited to the initial traffic stop, detention, or physical seizure of the phone. It alleges an abuse of governmental and custodial power for personal purposes, including exploitation of intensely private and sexual

material while PLAINTIFF was restrained and unable to protect her property. To the extent a particular aspect of the case is governed by the Fourth Amendment, PLAINTIFF may pursue alternative constitutional theories at the pleading stage and the Court may later determine the proper constitutional framework on a developed record. Fed. R. Civ. P. 8(d).

6. Denied. Counts I, III, IV, VII, and VIII address related events but distinct legal interests and theories, including warrantless digital search, the voluntariness and scope of consent, constitutional privacy, sexual exploitation under color of law, and bodily or sexual privacy. Alternative and overlapping theories are permissible under Fed. R. Civ. P. 8(d). Any question of merger, duplication, or the measure of damages is a later merits issue and does not erase the distinct factual allegations supporting the pleaded claims.

7. Denied. PLAINTIFF alleges that any permission was obtained while she was handcuffed and under custodial control after CRAWFORD represented that access was needed only to obtain her mother's telephone number. Consent must be voluntary under the totality of the circumstances, and a search conducted pursuant to consent may not exceed the scope of the permission actually given. Even if PLAINTIFF voluntarily allowed limited access to retrieve one contact, that would not authorize CRAWFORD to browse, view,

transmit, delete, or otherwise manipulate unrelated private and sexually explicit material.

8. Denied as a defense to the claims actually pleaded. The existence of reasonable suspicion or probable cause for the stop, detention, or arrest does not authorize a warrantless search of the digital contents of a cellular phone. Riley v. California, 573 U.S. 373 (2014). Nor would probable cause to arrest authorize using a detainee's phone for private purposes, retaining an unlocked device beyond the represented purpose, or transmitting and deleting intimate material. The asserted basis for the stop therefore does not resolve the central misconduct alleged in this action.

9. Denied. PLAINTIFF alleges conduct undertaken for reasons unrelated to any legitimate police duty, including accessing intimate electronic material after the stated purpose for unlocking the device had ended. Good faith and lack of malice are factual issues, not conclusions established by CRAWFORD's status as an officer. Moreover, Fourth Amendment reasonableness is principally objective, and an officer's subjective assertion of good faith does not by itself defeat a constitutional claim.

10. Denied. PLAINTIFF does not seek to impose liability for mere negligence. She alleges intentional acts, including obtaining the password, navigating the device, retaining the unlocked phone, exercising unauthorized control over

the device and its contents, and exploiting private material. Daniels v. Williams, 474 U.S. 327 (1986), does not impose a universal specific-intent requirement on all claims under 42 U.S.C. § 1983, and Fourth Amendment liability does not depend upon proof that an officer subjectively intended to violate the Constitution.

11. PLAINTIFF responds that her operative claims against CRAWFORD are directed to his personal conduct and individual liability. To the extent any official-capacity allegation is construed as duplicative of the claim against the CITY OF DETROIT, PLAINTIFF does not seek a duplicative recovery. This defense does not affect the individual-capacity claims based upon CRAWFORD's own alleged actions.

12. PLAINTIFF does not seek to impose respondeat superior liability on CRAWFORD for the conduct of BELLAMY or the CITY OF DETROIT. The claims against CRAWFORD arise from his own alleged conduct and, with respect to conspiracy, from alleged concerted action. This defense therefore does not answer the personal conduct attributed to CRAWFORD.

13. Denied. Using police custody to obtain access to a detainee's unlocked cellular phone and allegedly accessing, transmitting, deleting, or exploiting her sexually explicit material for personal purposes is conduct a reasonable jury could find extreme and outrageous. PLAINTIFF further alleges humiliation,

embarrassment, anxiety, emotional trauma, and other severe distress. Whether the evidence satisfies the elements of intentional infliction of emotional distress is a fact-intensive merits question, not a basis for a conclusory defense.

14. Denied. The incident alleged in the First Amended Complaint occurred on or about March 3, 2026, and this action was filed in 2026. The assault and battery claim is therefore facially within the two-year limitations period identified by CRAWFORD. The defense identifies no earlier actionable touching that would place Count X outside the limitations period.

15. Denied. The allegedly defamatory statements were made in connection with the post-incident investigation in 2026, and this action was filed in 2026. The claim is therefore facially within the one-year limitations period invoked by CRAWFORD. The defense identifies no date showing otherwise.

16. Denied. The allegedly defamatory statements must be evaluated in context. PLAINTIFF alleges that, during an investigation into the misuse of her private sexual material, CRAWFORD falsely represented that he had been in a months-long romantic relationship with her, had attended family gatherings, and personally knew her family. According to PLAINTIFF, those statements were used to create a false explanation for his access to intimate material and

to undermine her accusation of misconduct. The truth, defamatory meaning, publication, fault, and resulting injury are disputed factual questions.

17. Denied. CRAWFORD has not established an absolute privilege. Any qualified privilege depends upon the occasion, the recipients, the scope of the communication, and the absence of actual malice. PLAINTIFF alleges that the statements were knowingly fabricated to create a false personal relationship and to explain away alleged misconduct. A knowingly false, self-protective statement made with actual malice is not insulated merely by labeling the occasion privileged.

18. Denied as premature. PLAINTIFF alleges that sexually explicit material was transmitted from her phone to a number unknown to her while CRAWFORD possessed and controlled the device. The identity of the recipient, the number of recipients, any subsequent dissemination, and the full transmission history are subjects of forensic and third-party discovery. CRAWFORD cannot establish the absence of the publicity element before the destination and scope of dissemination are known.

19. Denied. Count XV is not limited to ownership of abstract electronic data. PLAINTIFF alleges unauthorized dominion over the physical cellular phone itself after the represented purpose for access had ended, together with manipulation and transmission of the contents stored on that device. Return

of the phone does not erase a completed period of wrongful dominion or use inconsistent with the owner's rights. Whether the proof supports common-law conversion, statutory conversion, or both is a merits issue to be determined after discovery.

20. Denied. PLAINTIFF recognizes that civil conspiracy is derivative and must rest upon actionable underlying misconduct. The First Amended Complaint identifies such underlying torts, including intrusion upon seclusion, conversion, and intentional infliction of emotional distress. It also alleges a tacit agreement or common design inferred from coordinated possession and control of the phone, BELLAMY's knowledge of CRAWFORD's continued retention, BELLAMY's later physical possession, and the transmission and deletion of intimate material during the period of joint police control. Direct evidence of an express agreement is not required at the pleading stage.

21. Denied. No conduct attributed to PLAINTIFF caused or authorized the alleged warrantless digital search, retention of the unlocked device, transmission of sexually explicit material, deletion of intimate material, or fabrication of a romantic relationship. To the extent other persons or entities participated in dissemination or caused additional injury, that may bear on allocation or causation after discovery, but it does not negate CRAWFORD's liability for his own alleged conduct.

22. Denied. Failure to mitigate is an affirmative defense on which CRAWFORD bears the burden. The defense identifies no reasonable measure PLAINTIFF failed to take and no category of avoidable damages. In particular, PLAINTIFF could not mitigate an invasion of digital and sexual privacy while handcuffed and separated from her phone, and the injury from an unauthorized disclosure or intrusion is complete when the invasion occurs.

23. PLAINTIFF denies any interpretation of MCL 600.2956 that would extinguish liability for concerted intentional misconduct or otherwise bar the claims. To the extent Michigan's several-liability rules govern allocation of a particular state-law damages award, that issue concerns apportionment after liability is established and does not constitute a defense to the existence of the pleaded causes of action.

24. Denied in part. PLAINTIFF does not seek punitive damages against the CITY OF DETROIT under federal law, but punitive damages may be available against an individual defendant under 42 U.S.C. § 1983 upon proof of evil motive or intent or reckless or callous indifference to federally protected rights. Smith v. Wade, 461 U.S. 30 (1983). Michigan exemplary damages are compensatory rather than punitive in character and are governed by different principles. Any question of duplication can be addressed through verdict form and judgment, not by eliminating available remedies at the pleading stage.

25. Denied as presently unsupported. CRAWFORD identifies no collateral payment, settlement, lien, or other source that would legally reduce a particular component of PLAINTIFF's damages. Any lawful setoff is a post-liability damages issue that depends upon the nature and source of the payment and the law governing the specific claim. The defense cannot be used to obtain an unspecified reduction in advance.

26. Denied as an affirmative defense. PLAINTIFF's entitlement to attorney fees under 42 U.S.C. § 1988 depends upon whether she becomes a prevailing party. The statement that fees are unavailable if she does not prevail is a legal consequence of the statute, not an independent defense to liability.

27. Denied to the extent this paragraph purports to adopt unidentified defenses without stating how they apply to CRAWFORD. PLAINTIFF responds to each defense actually pleaded by each Defendant on its own terms. Any additional defense CRAWFORD seeks to assert must satisfy the Federal Rules and provide fair notice of the factual and legal basis on which he relies.

## III. RESERVATION

PLAINTIFF reserves the right to supplement or amend these responses as discovery proceeds, including after production of body-worn camera footage, DDC video, phone forensic evidence, transmission records, internal-affairs and criminal-

investigation materials, training and policy documents, and testimony concerning possession and control of PLAINTIFF's cellular phone.

WHEREFORE, PLAINTIFF respectfully requests that the Court reject the asserted affirmative defenses to the extent they are legally insufficient or unsupported by the evidence and grant such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Ivan L. Land
Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI 48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
Attorney for PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2026 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of filing to all counsel of record.

/s/ Ivan L. Land
Ivan L. Land (P65879)