**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SAMANTHA THOMASON,
an individual,

Plaintiff,

v.

CITY OF DETROIT, a municipal corporation,
DEROND MARTEZ CRAWFORD, City of Detroit Police Officer, Individually,
MAURICE BELLAMY, City of Detroit Police Officer, Individually,

Defendants.

Case No. 2:26-cv-11938
Hon. Mark A. Goldsmith
Mag. Judge Anthony P. Patti

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF DETROIT AND DEFENDANT MAURICE BELLAMY'S SPECIAL AND AFFIRMATIVE DEFENSES**

LOCAL RULE CERTIFICATION: I, Ivan L. Land certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

NOW COMES PLAINTIFF, SAMANTHA THOMASON, by and through counsel, and responds separately to the affirmative defenses asserted by DEFENDANT CITY OF DETROIT and DEFENDANT MAURICE BELLAMY.

PLAINTIFF incorporates the allegations of the First Amended Complaint to the extent consistent with this response and states as follows.

## I. PRELIMINARY RESPONSE

The CITY OF DETROIT and BELLAMY assert numerous generalized defenses directed to probable cause, governmental immunity, good faith, negligence, and the lawfulness of the initial detention. Those contentions do not resolve the conduct alleged after PLAINTIFF was restrained. The First Amended Complaint alleges that CRAWFORD obtained access to the phone for a narrowly represented purpose, retained the unlocked device after that purpose ended, and that BELLAMY knew of the continued possession and later physically possessed the phone during DDC processing. PLAINTIFF alleges that intimate material was transmitted and deleted while the device remained under police control. The Complaint also pleads a direct Monell theory based upon the CITY's alleged failures concerning the retention, transfer, possession, access, documentation, training, supervision, and safeguards applicable to detainees' cellular phones and private electronic material.

These responses are intended to identify the factual and legal basis on which PLAINTIFF disputes the asserted defenses. Nothing herein shifts PLAINTIFF's burden on her claims or relieves DEFENDANTS of the burden to prove any true affirmative defense. To the extent a paragraph merely denies an element of

PLAINTIFF's prima facie case rather than asserting an affirmative defense, PLAINTIFF treats it as a merits contention and responds accordingly.

## II. RESPONSES TO AFFIRMATIVE DEFENSES

1. Denied to the extent this defense is asserted against PLAINTIFF's federal claims. State governmental immunity does not bar claims brought under 42 U.S.C. § 1983, and the CITY's Monell liability is a federal direct-liability theory rather than state-law respondeat superior. To the extent a particular state-law claim is asserted against the CITY, the applicability of Michigan governmental immunity must be analyzed claim by claim and does not dispose of the constitutional claims.

2. Denied. Individual governmental immunity under Michigan law does not bar federal constitutional claims. As to state-law claims, immunity depends upon facts including scope of authority, good faith, malice, and the nature of the challenged conduct. PLAINTIFF alleges intentional misuse of custodial authority, including unauthorized control over and access to a detainee's private electronic property. Those allegations cannot be resolved by a conclusory assertion that the officers acted within authority and without gross negligence.

3. Denied. The First Amended Complaint identifies the conduct of each Defendant and pleads federal claims for unlawful search and seizure, coerced

consent, privacy violations, failure to intervene, sexual exploitation, bodily privacy, and Monell liability, together with related state-law torts. The factual allegations include the detention, the represented reason for obtaining the phone password, continued possession of the unlocked device, BELLAMY's knowledge and physical possession, the transmission and deletion of intimate material, and the subsequent investigation.

4. Denied. Failure to mitigate is an affirmative defense on which Defendants have the burden. Defendants identify no reasonable step PLAINTIFF failed to take and no damages that could have been avoided. PLAINTIFF further alleges that she was handcuffed, separated from her phone, and unable to protect the device while the alleged invasion occurred.

5. Denied. The events pleaded occurred on or about March 3, 2026, and the action was filed in 2026. Defendants identify no claim that is facially outside its applicable limitations period and no earlier accrual date that would support this defense.

6. Denied. Section 1983 does not generally require exhaustion of state administrative or statutory remedies before suit. Patsy v. Board of Regents, 457 U.S. 496, 516 (1982). Defendants identify no specific count, governing statute, mandatory exhaustion procedure, or uncompleted step applicable to

any state-law claim. A generalized exhaustion defense is therefore insufficient to bar the claims pleaded here.

7. Denied. The Federal Rules do not impose a blanket requirement that a plaintiff plead every conceivable legal or equitable claim arising from the same transaction. Fed. R. Civ. P. 18(a) provides permissive joinder of claims, while the compulsory-counterclaim rule in Rule 13(a) does not convert all of a plaintiff's potential affirmative claims into mandatory claims. Defendants identify no omitted claim or other rule that would compel the joinder demanded here.

8. Denied. PLAINTIFF's alleged injuries arise from intentional police conduct, including the asserted unauthorized access to and use of her phone and intimate material. Comparative negligence is not a defense to the existence of a constitutional violation or intentional tort, and Defendants identify no negligent act by PLAINTIFF that proximately caused the alleged digital search, transmission, deletion, or invasion of privacy. Plaintiff does not know who Defendant is referring to when they state him/himself.

9. Denied. The First Amended Complaint does not allege that PLAINTIFF resisted the officers or engaged in wrongful conduct that caused the complained-of injuries. Even if the stop or detention were lawful, resistance or an unrelated probation issue would not authorize access to the digital

contents of her phone, exploitation of intimate material, or continued control of the device for a personal purpose.

10. Denied. This is a merits conclusion contradicted by the factual allegations. PLAINTIFF alleges that CRAWFORD obtained the password for a represented limited purpose, retained and navigated the unlocked phone after that purpose ended, and that BELLAMY knew of the continued retention and later physically possessed the phone. Whether those actions were reasonable, proper, and legal is a central disputed issue in the case.

11. Denied. PLAINTIFF did not cause the alleged unauthorized digital search, intimate disclosure, deletion of private material, or misuse of custodial authority. Defendants identify no act of PLAINTIFF that would constitute a superseding or sole proximate cause of those intentional injuries.

12. Denied as inapplicable to the federal claims. The public duty doctrine does not eliminate duties imposed by the United States Constitution or the duty of an officer who observes unconstitutional conduct and has a realistic opportunity to intervene. It likewise does not transform alleged intentional misuse of a detainee's property into a mere failure to provide governmental services to the public at large.

13. Denied to the extent Defendants contend that being on duty makes the challenged conduct lawful. PLAINTIFF alleges that the officers were acting

under color of law during the stop, detention, transport, and processing. That state-action allegation supports the federal claims. It does not establish that accessing or exploiting private phone contents was a regularly assigned or lawful police duty.

14. Denied. Good faith, malice, and scope of duty are disputed factual issues. PLAINTIFF alleges that police authority was used to obtain access to her unlocked phone and that the device and private material were then used for non-law-enforcement purposes. Such allegations, if proven, are incompatible with the broad assertion that all conduct was undertaken in good faith and without malice.

15. Denied. The CITY OF DETROIT is not entitled to qualified immunity. As to BELLAMY, qualified immunity depends upon the facts known to him, his role in possession of the phone, his knowledge of CRAWFORD's conduct, and whether he had a realistic opportunity to intervene. The law protecting digital cellphone contents from warrantless search was clearly established before March 2026. Riley v. California, 573 U.S. 373 (2014).

16. Denied as a defense to the central claims. Probable cause for a detention or arrest does not authorize a warrantless search of the digital contents of a phone. Riley v. California, 573 U.S. 373 (2014). Nor does it authorize

retention of an unlocked phone for a private purpose, transmission or deletion of intimate material, or failure to intervene in such conduct.

17. Denied for the reasons stated in response to Defense 10. The reasonableness and legality of the challenged conduct are disputed merits issues and cannot be established by repeating the conclusion as an affirmative defense.

18. Denied. The discretionary nature of a legitimate police function does not immunize unconstitutional conduct, and state-law intentional tort immunity additionally depends upon good faith and the absence of malice. PLAINTIFF alleges conduct undertaken for personal purposes after lawful custodial functions had ceased to justify access to the device.

19. Denied. PLAINTIFF does not plead malicious prosecution, and punitive damages under 42 U.S.C. § 1983 do not require a malicious-prosecution claim or favorable termination. Punitive damages may be awarded against an individual defendant upon proof of evil motive or intent or reckless or callous indifference to federally protected rights. Smith v. Wade, 461 U.S. 30 (1983). Any state-law exemplary-damages issue is analytically distinct.

20. PLAINTIFF denies any construction of MCL 600.2956 that would eliminate liability for intentional or concerted conduct. To the extent the statute governs allocation of a particular state-law damages award, the issue concerns apportionment after liability is determined and is not a defense to the causes

of action themselves. Defendants' pleading contains no separately numbered Defense 20, and PLAINTIFF follows Defendants' numbering.

21. Denied. Whether any state-law exemplary component duplicates another compensatory award is a damages issue that may be addressed through instructions and verdict form after the evidence is developed. It does not defeat liability and does not affect the availability of federal punitive damages against individual defendants where the governing standard is satisfied.

22. Denied. PLAINTIFF's federal punitive-damages request is expressly directed to the individual Defendants to the extent permitted by law and is governed by federal law. Michigan exemplary damages are compensatory rather than punitive in character. Defendants therefore conflate distinct remedies in asserting that all such relief is an unlawful attempt to punish.

23. Denied. Whether the proven conduct warrants exemplary or punitive relief depends upon the evidence concerning intent, recklessness, malice, abuse of authority, and the handling of PLAINTIFF's intimate material. The First Amended Complaint alleges facts that, if proven, permit the issue to be presented under the governing standards.

24. PLAINTIFF does not plead an abuse-of-process count. This defense therefore does not respond to a cause of action presently asserted and provides no basis to dismiss the pleaded constitutional, privacy, tort, or Monell claims.

25. PLAINTIFF does not plead an abuse-of-process count. Whether any process was properly issued is separate from the alleged warrantless access to digital phone contents and the alleged misuse of private intimate material.

26. Denied. Good faith is disputed. The allegations include obtaining an unlock code for a narrowly represented purpose, retaining the device thereafter, alleged access to intimate material, and continued possession during jail processing. These facts, if proven, permit a finding that the challenged conduct was not undertaken in good faith.

27. Denied. PLAINTIFF alleges facts from which malice, reckless disregard, or a personal purpose may be inferred, including the alleged exploitation of intimate material and the later fabrication of a romantic relationship. Whether malice is established is a fact question.

28. PLAINTIFF agrees only with the abstract proposition that 42 U.S.C. § 1983 supplies a cause of action for violations of federal rights rather than creating every substantive right itself. The defense does not apply here because the First Amended Complaint expressly identifies the underlying constitutional rights allegedly violated, including rights under the Fourth and Fourteenth Amendments.

29. Denied to the extent this defense is asserted as a basis to dismiss the federal claims. Michigan governmental immunity does not bar claims under 42

U.S.C. § 1983. To the extent a particular state-law claim is asserted against a governmental defendant, the Court may address the applicable Michigan immunity principles on the developed facts without affecting the federal causes of action.

30. Denied. Intentional tort immunity under Odom v. Wayne County, 482 Mich. 459 (2008), depends upon scope of authority, good faith or absence of malice, and discretionary conduct. PLAINTIFF alleges that the challenged access and use of her phone were undertaken for personal purposes outside legitimate law-enforcement objectives and with knowledge that the conduct was unauthorized. Those allegations create factual disputes concerning the elements of the asserted immunity.

31. Denied as duplicative of Defense 14. PLAINTIFF alleges intentional misuse of custodial authority and private property for non-law-enforcement purposes. Good faith, malice, and the scope of authority remain disputed and cannot be established by conclusory pleading.

32. Denied as a defense to the claims actually pleaded. Probable cause for PLAINTIFF's arrest or detention does not establish lawful authority to search the digital contents of her phone or use the device and its intimate contents for purposes unrelated to the arrest. The complaint focuses on the phone, privacy, bodily integrity, and failure to intervene, not a malicious-prosecution theory.

33. Denied. This is a repeated merits conclusion. The legality and reasonableness of Defendants' conduct, particularly the handling and use of the unlocked phone, are central disputed issues requiring discovery and proof.

34. Denied as immaterial to the alleged digital and privacy violations. Even if officers reasonably believed PLAINTIFF had committed an offense or was subject to a valid warrant, such belief does not authorize a warrantless search of the digital contents of her phone or alleged sexual exploitation of private material.

35. Denied. Defendants plead only that exigent circumstances 'existed' without identifying any facts showing an exigency that required access to the digital contents of PLAINTIFF's phone. Riley recognizes that genuine case-specific exigencies may justify action, but the ordinary fact of arrest does not. Any need to restrain or transport PLAINTIFF likewise does not justify browsing, transmitting, deleting, or otherwise exploiting intimate electronic material.

36. Denied. The First Amended Complaint identifies specific federal constitutional rights and detailed conduct allegedly violating those rights. Whether PLAINTIFF ultimately proves each claim is a merits issue, but the pleading states federal causes of action beyond a bare invocation of Section 1983.

37. PLAINTIFF agrees that Monell liability is not based upon state-law vicarious liability or federal respondeat superior. That is not the theory pleaded. Count XII alleges direct municipal liability based upon customs, practices, training, supervision, and safeguards concerning detainee cellular phones and private electronic material that allegedly constituted deliberate indifference and were a moving force behind the constitutional injuries.

38. To the extent this defense concerns a direct state-law tort claim against the CITY, PLAINTIFF acknowledges that Michigan governmental-immunity law must be applied to the particular claim and theory. The defense does not affect the Section 1983 and Monell claims and therefore cannot support dismissal of the action as a whole.

39. PLAINTIFF does not rely upon state-law respondeat superior as a substitute for Monell liability. To the extent a particular state-law theory against the CITY is vicarious, Defendants may raise the applicable Michigan immunity rules, but those rules do not eliminate the individual tort claims or the federal municipal-liability claim.

40. PLAINTIFF does not plead a stand-alone gross-negligence count against the CITY. This defense therefore does not answer the intentional constitutional and state-law theories actually alleged.

41. PLAINTIFF does not plead a claim under the Michigan Constitution. This defense is therefore inapplicable to the operative pleading.

42. Denied. Municipalities are 'persons' subject to suit under 42 U.S.C. § 1983 when a constitutional injury is caused by an official policy, custom, or deliberately indifferent failure that is a moving force behind the violation. Monell v. Department of Social Services, 436 U.S. 658 (1978). Count XII pleads that direct municipal-liability theory.

43. Denied. The First Amended Complaint does not rely on Section 1983 in the abstract. It identifies the underlying federal rights, the conduct of the individual officers, and the City's alleged policy, custom, training, supervision, and safeguard failures. Those allegations state claims capable of relief if proven.

44. Denied. The operative pleading identifies the relevant incident as occurring on or about March 3, 2026, and this action was filed in 2026. Defendants offer no alternative date that would render any pleaded claim untimely. A speculative suggestion that an event 'may' have occurred earlier is not a factual limitations defense.

45. Denied. PLAINTIFF's own negligence did not cause the alleged intentional search of her phone, transmission or deletion of intimate material, invasion of

privacy, or failure to intervene. Comparative fault does not negate the existence of the intentional constitutional violations alleged.

46. Denied for the reasons stated in response to Defense 4. Defendants identify no specific, reasonable mitigation measure that PLAINTIFF failed to undertake and no avoidable loss attributable to such a failure.

47. Denied for the reasons stated in response to Defense 7. Federal claim joinder is generally permissive under Rule 18(a), and Defendants identify no omitted claim that federal law required PLAINTIFF to assert in this action.

48. PLAINTIFF agrees only that Section 1983 is remedial. The First Amended Complaint identifies substantive constitutional rights under the Fourth and Fourteenth Amendments and alleges intentional conduct violating those rights. The characterization of Section 1983 as an enabling statute therefore does not defeat any count.

49. Denied. Count XII specifically alleges an obvious need for policies, training, supervision, documentation, and safeguards governing officers' retention, transfer, possession, and access to detainees' cellular phones and private electronic material. It further alleges that the absence or inadequacy of those safeguards permitted CRAWFORD to retain the unlocked device, BELLAMY to know of and later possess the device, and intimate material to be transmitted or deleted while the phone remained under police control.

Whether those allegations can be proven through policy records, training materials, prior incidents, supervisory evidence, and Rule 30(b)(6) testimony is properly addressed after Monell discovery.

50. PLAINTIFF does not predicate federal municipal liability on respondeat superior. The Monell claim is based upon the CITY's own alleged customs, practices, and deliberately indifferent failures. To the extent Defendants address state-law vicarious liability, that separate issue does not bar claims against the individual officers for their own conduct.

51. Denied. The pleaded facts establish state action. CRAWFORD and BELLAMY allegedly acted as Detroit police officers during a traffic stop, used police authority to detain and handcuff PLAINTIFF, transported her in a police vehicle, controlled her property during detention and DDC processing, and obtained access to her phone while she was under custodial authority. The alleged misuse was made possible by the authority of state office.

52. Denied. The CITY itself cannot claim qualified immunity. As to BELLAMY, the defense depends upon what he knew, whether he personally possessed the phone, whether he observed CRAWFORD's continued retention and access, and whether he had time and means to intervene. The constitutional protection against warrantless searches of cellphone digital contents was clearly established well before 2026. Riley v. California, 573 U.S. 373 (2014).

53. PLAINTIFF agrees only with the uncontroversial proposition that a federal constitutional claim requires proof of a constitutional violation. PLAINTIFF alleges multiple such violations and denies that the evidence will establish their absence. This paragraph is therefore a merits contention rather than an independent affirmative defense.

54. Denied. PLAINTIFF alleges intentional conduct, not negligence. Moreover, not every Section 1983 claim requires proof that the officer subjectively intended to violate the Constitution. Fourth Amendment reasonableness is objective, while the failure-to-intervene claim turns on knowledge and a realistic opportunity to act. Daniels v. Williams, 474.U.S. 327 (1986) cited by DEFENDANTS do not immunize intentional conduct merely because Defendants characterize themselves as acting in good faith.

55. Denied as a blanket defense. Defendants identify no specific exigency requiring the challenged physical contact, and any need to restrain PLAINTIFF must still be reasonable in manner and scope. More importantly, an exigency relating to restraint, transport, or officer safety does not supply authority to access or exploit the digital contents of the phone. The alleged intrusive touching and the alleged phone misconduct therefore require separate factual analysis.

56. Denied. PLAINTIFF alleges violations of rights that were clearly established before March 2026, including the protection of digital cellphone contents against warrantless search. Riley v. California, 573 U.S. 373 (2014). PLAINTIFF also alleges BELLAMY knew of CRAWFORD's continued possession and had an opportunity to stop unconstitutional conduct. The qualified-immunity inquiry must be applied to the actual facts established in discovery, not Defendants' generalized characterization of the conduct.

57. Denied. Any lawful basis to take temporary physical custody of a phone during an arrest or detention is materially different from lawful authority to search its digital contents, retain an unlocked device after a limited purpose ends, transmit or delete intimate material, or exercise dominion over the device for personal purposes. The defense improperly conflates possession for safekeeping with authority to use the contents.

58. Denied. The First Amended Complaint expressly alleges that BELLAMY knew CRAWFORD possessed the phone and that BELLAMY physically possessed the phone during portions of the DDC processing procedure. Whether BELLAMY handled the device, exercised control over it, knew of unauthorized access, or had an opportunity to intervene is a central factual dispute to be tested through body-worn camera footage, DDC video, property

records, testimony, forensic evidence, and other discovery. A factual denial in an affirmative-defense section does not resolve that issue.

## III. RESERVATION

PLAINTIFF reserves the right to supplement or amend these responses as discovery proceeds, including after production of body-worn camera footage, DDC video, phone forensic evidence, transmission records, internal-affairs and criminal-investigation materials, training and policy documents, and testimony concerning possession and control of PLAINTIFF's cellular phone.

WHEREFORE, PLAINTIFF respectfully requests that the Court reject the asserted affirmative defenses to the extent they are legally insufficient or unsupported by the evidence and grant such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Ivan L. Land

Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI 48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
Attorney for PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of filing to all counsel of record.

/s/ Ivan L. Land
Ivan L. Land (P65879)